81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clint SMITH, Plaintiff-Appellant,
v.
Eric HOLZWARTH; Colorado Department of Corrections; Larry
Boyer; Van Whisman; Jeaneene Miller; Aristedes
Zavaras; Paul La Prad; Karl Segura;
Wellington Webb, Mayor
Defendants-Appellees.
 No. 95-1328
 United States Court of Appeals, Tenth Circuit.
 March 29, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Clint Smith, proceeding pro se and in forma pauperis, brought this action under 42 U.S.C.1983 seeking money damages for alleged violation of his civil rights. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C.1915(d). Smith appeals.[2] For the following reasons, we AFFIRM the order of the district court.
 
 
 3
 Smith, who is currently in the custody of the Colorado Department of Corrections, alleged the following facts in his complaint. Smith was in an Intensive Supervision Program run by the Department of Corrections. On December 28, 1994, when he was asleep in his apartment, the Denver vice squad entered his apartment with a "no-knock" search warrant. The warrant specified that the police were searching for cocaine, but none was found. Near the end of the search, one officer stated that he had found some marijuana and the police confiscated some cash and drug paraphernalia. Smith then was taken to the Denver County Jail. Smith was charged with a violation of the Department of Corrections Code of Penal Discipline for possession or use of a dangerous drug, and convicted of those charges in a disciplinary hearing on January 12, 1995. The conviction was based, in part, on an affidavit by a detective who participated in the search. Smith was also charged with state crimes following the search of his apartment, but these charges were dismissed in February 1995.
 
 
 4
 Smith's complaint alleged that the disciplinary hearing violated his due process rights, because the disciplinary charges of which he was convicted were identical to the state criminal charges which were dismissed. Smith also appeared to allege that certain Code of Penal Discipline procedures were not followed in the disciplinary hearing, although he did not allege that he was denied any process to which he was constitutionally entitled. See Smith v. Maschner, 899 F.2d 940, 946 (10th Cir.1990)(due process requires that inmate receive advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence upon which they relied)(citing Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974)). In addition to the claimed due process violations, Smith alleged that he was subjected to double jeopardy because he was charged under the Code of Penal Discipline and the state criminal law for the same offense, and that he was discriminated against, apparently in violation of the Equal Protection clause.
 
 
 5
 In an order filed July 21, 1995, the district court dismissed Smith's complaint as legally frivolous. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). On appeal, Smith asserts that he was not notified of the district court's dismissal of his action. He also raises the issue "whether, if dismissal notification was inadvertently lost, such dismissal was proper given the meritorious nature of the allegations against the defendants." Construing Smith's pleadings liberally, as we must, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), we assume he is appealing the merits of his claim.[3]
 
 
 6
 Smith alleges that he was never served with a copy of the district court's order of dismissal. Rather, he discovered his action had been dismissed only when he attempted to file three additional documents on July 24, 1995. The district court issued a minute order denying the documents as moot as the action had been dismissed on July 21. Smith alleges this order was the first notice he had that his action had been dismissed.
 
 
 7
 It is unclear whether Smith is asserting that he had a right to notice that the court intended to dismiss his action as frivolous under 1915(d) prior to such dismissal, or whether his claim is merely that the court failed to timely notify him of the disposition of his action. To the extent that Smith asserts a right to notice before dismissal, 1915(d) provides that "The court may ... dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Thus, section 1915(d) itself places in forma pauperis litigants on notice that their claims are subject to sua sponte dismissal. See Neitzke v. Williams, 490 U.S. 319, 329-30 (1989)("Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim.... By contrast, the sua sponte dismissals permitted by, and frequently employed under, 1915(d) ... involve no such procedural protections."). Thus, Smith had no right to prior notice from the district court before his claim was dismissed.
 
 
 8
 Regarding Smith's assertion that he did not receive timely notice after the fact that his claim had been dismissed, the record contains the deputy clerk's certification that he mailed a copy of the dismissal order to Clint Smith at the Denver County Jail on July 21, 1995. We therefore find that the district court satisfied its obligation to notify Smith of the disposition of his claim.
 
 
 9
 Turning to the merits of Smith's complaint, we agree with the district court that Smith's complaint fails to allege a violation of any legally cognizable right. We therefore AFFIRM the district court's Order of Dismissal, filed July 21, 1995, for substantially the reasons set forth therein. Smith's motion for appointment of counsel on appeal, dated January 26, 1996, is DENIED. Smith's letter dated December 14, 1995, which we construe as a motion to appoint a special investigator, is DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The district court denied Smith's motion to proceed in forma pauperis; however, we grant it on appeal pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 Smith has filed with this court two motions to amend his complaint, filed November 16, 1995 and December 14, 1995 respectively. The former motion is accompanied by a motion for service of subpoena at state expense, a motion for preliminary injunction, and a motion for investigation funds. After an action has been dismissed, a complaint may be amended only if the judgment is reopened by the district court. See, e.g., Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir.1989). We therefore will not entertain these motions, and express no opinion on the merits of the allegations raised therein